**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EMMA ROBBINS,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-2688-CEH-AAS**

**DEAN LEWIS CAMPBELL,**

**Defendant.**
______________________________________/

## ORDER

Plaintiff Emma Robbins moves for leave to file Exhibit A and Exhibit C to Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery under seal. (Doc. 72). Defendant Dean Lewis Campbell does not oppose the motion. (Doc. 78).

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Exhibit A is the deposition transcript of Emma Robbins and Exhibit C is

the deposition transcript of Courtney Vilimek. If Exhibit A and Exhibit C were made public Ms. Robbins' sensitive and private information would be made public. *McKenzie v. United States Tennis Ass'n Inc.*, No. 6:22-CV-615-PGB-LHP, 2023 WL 6626109 at *2 (M.D. Fla. Oct. 11, 2023) (finding good cause to seal exhibits in a case involving allegations of sexual assault).

Accordingly, the plaintiff's motion to file Exhibit A and Exhibit C under seal (Doc. 72) is **GRANTED**.[1] Absent a future order to the contrary, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. *Id.*

**ORDERED** in Tampa, Florida, on August 13, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

[1] The court notes that an exhibit sealed in relation to a motion does not automatically remain sealed for the purpose of trial. Courts exercise discretion in determining whether sealed exhibits should remain confidential during trial. In *F.T.C. v. AbbVie Products LLC*, the court unsealed previously sealed documents after comparing the parties' interests and determining that the sensitivity of the information had diminished over time. 713 F.3d 54, 71 (2013).