**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EMMA ROBBINS,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-2688-CEH-AAS**

**DEAN LEWIS CAMPBELL,**

**Defendant.**
______________________________________/

**ORDER**

Defendant Dean Lewis Campbell moves to compel Plaintiff Emma Robbins to produce responsive documents and provide supplemental interrogatory responses. (Doc. 68). Ms. Robbins responded in opposition. (Doc. 73).

## I. BACKGROUND

On April 6, 2026, Mr. Campbell served his first request for production of documents and his first set of interrogatories on Ms. Robbins. (Doc. 68, p. 2). On May 4, 2026, Ms. Robbins served her objections and responses to the first request for production and her verified response to the first interrogatories. (*Id.*). On May 12, 2026, the parties met and conferred. (*Id.* at 3). Almost three months later and on the day fact discovery closed, Mr. Campbell filed this motion to compel.

Mr. Campbell alleges Ms. Robbins is withholding responsive relevant

documents that fall into six categories: "(1) Plaintiff's use of Adult Apps; (2) Plaintiff's health-tracking data from the night of the alleged incident; (3) Plaintiff's communications with any Consumer AI platform regarding any allegation in the complaint; (4) adequate and non-evasive responses to standard interrogatories; (5) Plaintiff's itemized billing from treatment forming the basis of her damages claim; and (6) Plaintiff's job applications and cover letters sent to potential employers." (*Id.* at 4).

Ms. Robbins argues the motion to compel should be denied for three independent reasons: (1) it is untimely; (2) the requested materials are irrelevant and disproportionate or are protected; and (3) it is largely moot. (Doc. 73).

## II. LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps the parties ascertain facts bearing on the issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL

1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

Mr. Campbell's motion to compel (Doc. 68) is due to be **DENIED** for the reasons stated in this order.

### a. Untimeliness

The district court wields "broad discretion over the management of pre-trial activities, including discovery and scheduling." *See e.g., Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). The Middle District of Florida Discovery Handbook explains, "[t]he court follows the rule that the [discovery] completion dates means that all discovery must be completed by that date." Middle District Discovery Handbook (2021), at § I. F.

Mr. Campbell filed the motion to compel (Doc. 68) on the day of the discovery deadline. Mr. Campbell's motion, with a response deadline after discovery closed, ensures discovery could not be completed by the August 6, 2026, discovery deadline. *See Griffin v. Galeana Chrysler Jeep, Inc.*, No. 2:22-CV-607-JLB-KCD, 2023 WL 12167884, at *1 (M.D. Fla. Nov. 22, 2023) ("Discovery cannot be completed where a motion to compel is left on the books after the deadline because it was filed without sufficient time to allow a

response.”).

Further, Mr. Campbell fails to demonstrate good cause, diligence, or excusable neglect for the untimely filing of the motion to compel. On May 4, 2026, Mr. Campbell received Ms. Robbins’ discovery responses and objections. (Doc. 68, p. 2). On May 12, 2026, the parties conferred over discovery disputes. (*Id.* at 3). On July 15, 2026, Mr. Campbell deposed Ms. Robbins. (Doc. 73, p. 4). The motion to compel raises issues in the discovery responses from early May and from the deposition of Ms. Robbins. *See* (Doc. 68).

Mr. Campbell knew the alleged discovery deficiencies and did not diligently bring the issues before the court to resolve the dispute before the discovery deadline. Granting the motion would result in a de facto extension of the discovery deadline and Mr. Campbell has presented no valid justification for granting a de facto extension. Accordingly, the motion to compel is untimely and could be denied for this reason alone. *See Malibu Media, LLC v. Weaver*, No. 8:14-CV-1580-T-33TBM, 2016 WL 473133, at *2 (M.D. Fla. Feb. 8, 2016) (upholding the magistrate judge’s order denying motions to compel brought one day before the discovery deadline); *Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-CV-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017) (“filing a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and resolution of

issues related to discovery prior to the discovery deadline.").

### b. Insufficient Conferral

"The term 'confer' in Rule 3.01(g) requires a substantive conversation . . . in a good faith effort to resolve the motion . . .." (Doc. 16, p. 5). "The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certification." (*Id.*).

Mr. Campbell failed to conduct a meaningful conferral before filing this motion to compel. For example, Mr. Campbell moves to compel Ms. Robbins to produce her health-tracking data. Ms. Robbins "never refused" to produce this data, but requested to limit the scope of the data requested. (Doc. 73. p. 11). Mr. Campbell did not engage in a good faith conferral, despite Ms. Robbins' offer to negotiate, and instead filed this motion on the close of discovery. The Case Management Scheduling Order requires "[c]ounsel must respond promptly to inquiries and communications from opposing counsel." (Doc. 16, p. 5). It appears Mr. Campbell's counsel failed to promptly respond to offer to substantively negotiate the scope of the requested materials. Accordingly, the good faith conferral requirement is not satisfied.

## IV. CONCLUSION

Accordingly, Mr. Campbell's motion to compel (Doc. 68) is **DENIED**. The motion to compel is untimely and fails to satisfy the meaningful conferral requirement under Local Rule 3.01(g). Each party shall bear their own fees for

bringing and responding to this motion.

**ORDERED** in Tampa, Florida on August 17, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge