**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EMMA ROBBINS,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-2688-CEH-AAS**

**DEAN LEWIS CAMPBELL,**

**Defendant.**
**____________________________________/**

# ORDER

Defendant Dean Lewis Campbell moves to strike the plaintiff's second amended initial disclosures. (Doc. 69). Plaintiff Emma Robbins responded in opposition. (Doc. 74).

## I. BACKGROUND

On May 4, 2026, the court entered an Amended Case Management and Scheduling Order. (Doc. 29). The Amended CMSO set the disclosure of the plaintiff's expert reports due on June 1, 2026, disclosure of defendant's expert reports due on July 1, 2026, and disclosure of rebuttal expert reports due on July 22, 2026. (*Id.*).

On July 21, 2026, Ms. Robbins served her "Second Amended Initial Disclosures." (Doc. 69, p. 3). This disclosure identifies two non-retained experts: Dr. Furton and Dr. Sabucedo. (*Id.* at 4). Mr. Campbell moves to strike the July 21 Second Amended Initial Disclosures.

## II. ANALYSIS

The parties dispute whether the timeliness of the Ms. Robbins' "Second Amended Initial Disclosure" should be measured from the June 1, 2026, deadline to disclose plaintiff's expert reports or the July 22, 2026, rebuttal expert disclosure deadline. Mr. Campbell asserts "[a]s of July 22, 2026, neither Plaintiff nor Defendant had disclosed any rebuttal experts." (Doc. 69, p. 4). Ms. Robbins argues "[a]ny defect in labeling – serving the identification by way of amended initial disclosures rather than a document captioned 'rebuttal disclosure' – is a matter of form, not substance . . . and Rule 37(c)(1) does exist to punish captioning." (Doc. 74, p. 8).

Mr. Campbell contends Ms. Robbins is attempting to "circumvent her procedural obligations merely by amending her Rule 26(a)(1) disclosures to add Drs. Furton and Sabucedo, and without furnishing any reports, curriculum vitae, or other documents pertaining to them." (Doc. 69, p. 5). Ms. Robbins argues the July 21 disclosure is a timely rebuttal disclosure and that non-retained experts owe no report or curriculum vitae. (Doc. 74).

Federal Rules of Civil Procedure 26(a) and (e) "require parities to disclose all bases of their experts' opinions and to supplement timely their expert disclosures upon discovery of an omission or as required by court order." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). "Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26

violation." *Id.*

Upon review, the motion is due to be **DENIED**. The July 21, 2026, disclosure is a timely rebuttal disclosure of non-retained experts. Ms. Robbins explains Dr. Furton's and Dr. Sabucedo's testimony "is squarely rebuttal" to Mr. Campbell's July 1 expert disclosures. (Doc. 74, p. 7). Further, the disclosed experts are "non-retained' experts and thus do not owe the same detailed report as a retained expert. *See Cedant v. United States*, 75 F.4th 1314, 1322−24 (11th Cir. 2023) (discussing the difference in disclosure requirements between a retained expert and non-retained expert). Mr. Campbell's motion does not identify a Rule 26 violation and thus there is no cause to strike the non-retained rebuttal experts disclosed in Ms. Robbins' "Second Amended Initial Disclosure."

## III. CONCLUSION

Accordingly, Mr. Campbell's motion to strike (Doc. 69) is **DENIED**. Each party shall bear their own fees for bringing and responding to this motion.

**ORDERED** in Tampa, Florida on August 17, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge