**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EMMA ROBBINS,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-2688-CEH-AAS**

**DEAN LEWIS CAMPBELL,**

**Defendant.**
**___________________________________/**

# ORDER

Defendant Dean Lewis Campbell moves to compel Plaintiff Emma Robbins to undergo an Independent Psychological Evaluation (IPE) without the required terms she desires to impose and enlarge and toll the defendant's expert disclosure deadline and fact discovery deadline until plaintiff's submission to an IPE. (Doc. 70). Ms. Robbins responded in opposition. (Doc. 75).

## I. BACKGROUND

The defendant's expert disclosure deadline was July 1, 2026, and the discovery deadline was August 6, 2026. (Doc. 29). On July 22, 2026, the court denied without prejudice Mr. Campbell's motion to enlarge the deadline to disclose expert reports because the motion was untimely, did not address excusable neglect, and did not show due diligence. (Doc. 62).

## II. ANALYSIS

"Federal Rule of Civil Procedure 6 requires a showing of 'excusable neglect' for an extension of a passed deadline. *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citing Fed. R. Civ. P. 6(b)(1)(B)). "Rule 16 concerns scheduling orders specifically and provides: 'A [scheduling order] may be modified only for good cause and with the judge's consent.'" *Id.* (citing Fed. R. Civ. P. 16(b)(4)).

This court previously determined that the motion to extend the expert disclosure deadline is untimely, does not address excusable neglect, and does not show due diligence. *See* (Doc. 62). Similarly, this motion (Doc. 70) is untimely, does not address excusable neglect, and does not show due diligence.

First, the court already determined the motion to extend the expert disclosure deadline is untimely and the renewed request is as well. Further, the motion is also untimely because Mr. Campbell moves to compel a Rule 35 examination and extend the fact discovery deadline on the day of the deadline for fact discovery. *Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-CV-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017) ("filing a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and resolution of issues related to discovery prior to the discovery deadline.").

Second, the "good cause standard precludes modification unless the

schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Upon review, Mr. Campbell has not demonstrated the requisite diligence for an extension of the deadlines.

Mr. Campbell argues he acted diligently by attempting the coordinate Ms. Robbins' deposition and IPE in April 2026 (two months before the expert disclosure deadline). (Doc. 70, p. 9). He argues Ms. Robbins' failure to cooperate "stymied Defendant's ability to obtain the necessary underlying factual record for its experts to timely complete their reports." (*Id.* at 10).

Assuming arguendo Ms. Robbins acted uncooperatively, Mr. Campbell still did not act diligently to meet the required deadlines and complete fact discovery by the deadline of August 6, 2026. For example, on May 13, 2026, Ms. Robbins agreed to be deposed on July 15, 2026. (*Id.* at p. 4). As of May 4, 2026, Mr. Campbell knew his expert reports were due by July 1, 2026. (*Id.*). Mr. Campbell did not act diligently to extend the expert report deadline. Despite asserting his experts required Ms. Robbins' deposition testimony and IPE to complete their expert reports, he filed the first motion for an extension of the expert report deadline on July 9, 2026. (Doc. 54). This was untimely.

On July 16, 2026, Ms. Robbins transmitted proposed terms for a stipulated IPE. (Doc. 70, p. 7). Despite objecting to these terms, Mr. Campbell did not file a motion to compel the IPE until August 6, 2026, the fact discovery

deadline. This is untimely as well.

Mr. Campbell does not demonstrate diligence and good cause to extend and toll the expert report and discovery deadlines. Likewise, the court finds the motion to compel Ms. Robbins to submit to an IPE untimely. The district court wields "broad discretion over the management of pre-trial activities, including discovery and scheduling." *See e.g., Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001).

## III. CONCLUSION

Accordingly, Mr. Campbell's motion to toll discovery deadlines and compel an IPE (Doc. 70) is **DENIED**. Each party shall bear their own fees for bringing and responding to this motion.

**ORDERED** in Tampa, Florida on August 17, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge