**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EMMA ROBBINS,

Plaintiff,

v. Case No.: 8:25-cv-02688-CEH-AAS

DEAN LEWIS CAMPBELL,

Defendant,
__________________________________/

# **ORDER**

This matter comes before the Court on Plaintiff's Unopposed Motion to Seal (Doc. 60). In the motion, Plaintiff requests an order permitting her to file under seal the Notice of Filing the Deposition Transcript and Exhibits of Dean Lewis Campbell. *Id.* Plaintiff represents that the pertinent transcript and exhibits contain confidential information. *Id*. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Unopposed Motion to Seal.

## **DISCUSSION**

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Documents filed in connection with a substantive pretrial motion, unrelated to discovery, such as a motion for class certification, "[are] subject to the common law

right of access," which includes the right to inspect and copy public records. *Romero*, 480 F.3d at 1245.

In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. Such relief will only be granted upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

Here, Plaintiff's request to seal is deficient for multiple reasons.

First, Plaintiff did not attach the documents she seeks to seal, as required by Rule 1.11(b)(8) of the Middle District of Florida Local Rules. Without the ability to review the documents, the Court cannot properly analyze Plaintiff's request to seal.

Second, Plaintiff has not provided a specific reason explaining why the documents need to be sealed. Instead, Plaintiff only provides a blanket, conclusory statement that characterizes the documents as confidential. *See* Doc. 60 ¶ 1. Plaintiff then states that disclosing the confidential information would violate the parties' stipulated confidential agreement. *Id.* ¶ 2. However, the fact that the parties have

designated the documents as "confidential" is not a basis for sealing the documents. The rules of this Court specifically provide that "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." M.D. Fla. Local Rule 1.11(a); *see also Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (Whittemore, J.), citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("[t]he parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access").

Third, and finally, Plaintiff has not sufficiently shown that redaction is not a viable, less burdensome means to protect the sensitive information. Plaintiff submits she has taken reasonable steps to protect the confidentiality of the information, and redaction is unreasonable given the volume of the documents. Doc. 60 ¶ 4. However, Plaintiff has not detailed what specific steps she has taken to protect the sensitive information or why the volume of the documents prohibits redacting only those parts of the documents that the parties deem confidential. Therefore, Plaintiff's request to file the requested documents under seal lacks good cause and is due to be denied because she has not shown that a less onerous means to protect the information is not available.

The Court is cognizant that the Motion to Seal is unopposed, but the Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, No. 3:10-cv-978-

RBD-JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted). Accordingly, it is

**ORDERED**:

Plaintiff's Unopposed Motion to Seal (Doc. 60) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Tampa, Florida on August 24, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any